■ In the Matter of ROSS's DAIRIES, LTD., Petitioner, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Liquor Authority, dated December 11, 1959, suspending for 10 days petitioner's retail off-premises beer license on the ground that the petitioner had violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law by selling an alcoholic beverage to a minor actually under the age of 18 years. The proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296), by order of the Supreme Court, Kings County, dated February 5, 1960. Determination confirmed and proceeding dismissed, without costs. A sale of an alcoholic beverage to a minor who is actually under the age of 18 years constitutes a violation of the statute, regardless of the fact that the minor appeared to be over that age (*Matter of Barnett* v. *O'Connell*, 279 App. Div. 449). Nor is it a defense that the minor represented herself to be, or presented purported proof of being, over that age (*Matter of Ward* v. *O'Connell*, 280 App. Div. 1021). Such a sale is an act *malum prohibitum* and is not to be excused by ignorance, mistake of fact or honorable intention (*People* v. *Werner*, 174 N. Y. 132; *People* v. *Davin*, 1 A D 2d 811). Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ KIPBEA BAKING CO., INC., Respondent, v. JOHN STRAUSS, Individually and as President of Bakery Drivers Union, Local 802, Affiliated with the International Brotherhood of Teamsters, et al., Appellants, et al., Defendants.— In an action for an injunction and to recover damages for injury to plaintiff's business, defendants Strauss and Simonetti, individually and as officers of Bakery Drivers Union, Local 802, appeal from an order of the Supreme Court, Westchester County, dated March 15, 1960, denying their motion to vacate plaintiff's notice to examine them before trial. Defendant Sullivan, individually and as an officer of said Union, also appeals from said order. On the appeal by defendants Strauss and Simonetti: Order affirmed, with $10 costs and disbursements. (See Rules Civ. Prac., rule 121-a; *Greiner* v. *Freund*, 5 A D 2d 978; *Rothman & Schneider* v. *Beckerman*, 5 A D 2d 985.) The examination of said defendants shall proceed on 15 days' written notice. On the appeal by defendant Sullivan: Appeal dismissed, without costs. He was not a party to the motion at Special Term and he is not a party aggrieved by the order appealed from. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ KNOCKLONG CORP., Appellant, v. EMMA B. ANDERSON et al., Defendants, and INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Respondent. — In an action to establish the regularity of a tax sale and to bar all claims to certain real property, in which the defendant, Industrial Commissioner of the State of New York, interposed a counterclaim for unemployment insurance taxes, the plaintiff appeals from an order of the County Court, Nassau County, entered January 13, 1960, which denied its motion for summary judgment striking out as insufficient the answer of the said defendant; and which granted said defendant's cross motion for judgment on the pleadings, dismissed the complaint as to said defendant, and adjudged that plaintiff has title to parcel No. 4 of the real property but that such title is subject to a valid lien of the said defendant in the sum of $1,699.13, together with appropriate interest. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.