■ Judith R. Goodman, Respondent, v Janet R. Stancell et al., Appellants.—In an action for a declaratory judgment and an accounting, (1) defendant Stancell appeals from an order of the Supreme Court, Nassau County, dated January 6, 1975, which (a) denied her motion (i) for summary judgment on the ground of pendency of a prior action between the same parties or (ii) to transfer the action to the Surrogate's Court, Erie County, and (b) granted a motion by Marine Midland Bank—Western, as executor of a decedent's estate, to intervene in the action as a defendant; and (2) Marine Midland Bank—Western, as such executor, appeals from so much of the same order as denied said motion of defendant Stancell. Upon the appeal by defendant Stancell, order affirmed, with $20 costs and disbursements. No opinion. Appeal by Marine Midland Bank—Western dismissed, without costs. The sole relief sought by Marine Midland Bank—Western, as executor, was for leave to intervene in the action as a defendant. It did not join in the motion made by defendant Stancell. Thus, Marine Midland Bank—Western has no standing to appeal from the denial of defendant Stancell's motion (cf. *Matter of Kaplan v Rohan,* 7 NY2d 884; *Kipbea Baking Co. v*

*Strauss,* 10 AD2d 987). Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Shapiro, JJ., concur.