■ CONCRETE CONSTRUCTION CORP., Appellant, v COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, Respondent.—Order, Supreme Court, New York County, entered May 25, 1978, granting in part defendant's motion for summary judgment pursuant to CPLR 3212, dismissing the fourth and fifth causes of action as barred by Statute of Limitations and the third cause of action as not within the terms of the payment bond and denying the motion to dismiss the first and second causes of action, unanimously modified, on the law, to deny defendant's motion for summary judgment dismissing the third cause of action, and otherwise affirmed, without costs or disbursements on the appeal. Plaintiff, subcontractor to Lasker-Goldman Corp., seeks to recover from defendant as surety on bonds issued for the construction of facilities at the State University of New York at New Paltz and at Barnard College. We are in agreement with Special Term that the fourth and fifth causes of action are time-barred. The New Paltz bond is clear in requiring enforcement in accordance with the provisions of section 137 of the State Finance Law, which requires a subcontractor of a contractor to commence an action to enforce the bond within one year from the date on which final payment under the subcontract became due. It is undisputed on this record that plaintiff's claim accrued at the latest on December 8, 1971, when the State University Construction Fund made final payment to Lasker-Goldman on the New Paltz job. The action, commenced November 21, 1974, is untimely, since instituted more than one year after the date when final payment became due. Nor is there any merit to plaintiff's assertion that the dispute with respect to the Barnard claim may somehow revive or extend the applicable Statute of Limitations on the New Paltz claim. However, with respect to the third cause of action, we disagree with Special Term's disposition that, as a matter of law, no cognizable claim is raised under the terms of the bond. The third cause seeks to recover $80,000 in damages under the Barnard bond resulting from additional costs incurred and sums expended by plaintiff, upon allegations that such additional work, labor and services were necessitated by unreasonable delay by Lasker-Goldman in completing its contractual obligations. Contrary to the finding of Special Term that the bond did not contemplate

an undertaking by the surety to assume damages for delay or other breach of contract, the bond by its terms obligates the insurer to "promptly make payment to all persons, firms, subcontractors, and corporations furnishing materials for or performing labor in the prosecution of the work provided for in such contract, and any authorized extension or modification thereof, including all amounts due for materials * * * and for all labor, performed in such work whether by subcontractor or otherwise". Therefore, to the extent that plaintiff seeks recovery for additional labor performed and additional materials furnished, arising by reason of the delay occasioned by the general contractor, such additional amounts are expressly within the coverage of the bond. Special Term concluded that the third cause of action constitutes a claim for damages occasioned by the delay. Although we agree that damages, such as lost profits, would be excluded under the terms of the bond, there is no need to place such a limited construction upon the pleaded allegations of the third cause of action, wherein plaintiff alleges that it was "required to expend additional funds by reason of the unreasonable delays on the part of the said Lasker-Goldman Corporation" and "incurred additional costs * * * in the completion of plaintiff's contractual obligations". Accordingly, we find sufficient the third cause of action to the extent that recovery is sought for "furnishing materials for or performing labor in the prosecution of the work provided for in such contract". The amount of such additional costs, labor and services and whether they actually resulted from unreasonable delay by Lasker-Goldman in completing performance of its contractual obligations cannot be determined on this record. Such factual issues must await the trier of the facts. Concur—Birns, J. P., Fein, Sandler and Lupiano, JJ.