■ SOUTH FORK BROADCASTING CORP., Respondent, v NINA FENTON, Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 30, 1987, which denied defendant's motion for summary judgment dismissing the complaint and for summary judgment on her counterclaims, unanimously reversed, on the law, and the motion granted to the extent of granting defendant summary judgment dismissing the complaint and partial summary judgment on her counterclaims on the issue of liability, and the matter remanded to the Supreme Court for assessment of damages, without costs.

Defendant was employed as general manager of radio sta-

tion WWHB-FM, located in Hampton Bay, New York. Under defendant's contract with the former owners of the station, she was entitled to receive at least $20,000 in commissions. When plaintiff purchased the radio station it desired to retain defendant's services and negotiated a new contract with her. Defendant forfeited her right to the lucrative commissions and in its place the new contract between plaintiff and defendant included a valuable stock option interest which permitted defendant to purchase five shares of plaintiff's stock at a purchase price of $15,151.50. The price of the stock was payable at such times as defendant would determine, and any "unpaid portion of the purchase price" would bear interest. Defendant exercised her option to purchase this stock, and at the expiration of the contract, the unpaid portion of the purchase price outstanding was $11,810. At that time defendant exercised her option to require plaintiff to repurchase her shares of stock in the corporation pursuant to the terms of the contract.

A dispute arose between the parties concerning the price to be paid upon repurchase. The contract sets forth in its paragraph No. 4 a formula for the payment due defendant upon repurchase, as follows: "A price per share determined by dividing the then number of shares outstanding into 2.5 times the gross revenues of the station for the twelve months preceding the month in which termination occurs, less the unpaid portion of the purchase price outstanding. In no event shall that repurchase price be less than the sum (excluding interest) which [defendant] theretofore paid." Plaintiff claims that the term "unpaid portion of the purchase price" refers to the plaintiff's debt for the station's purchase price, and that the valuation of defendant's stock should be reduced accordingly. Defendant relies on the plain meaning of the contract term, that she would be paid a price per share determined by the formula, and then deduct the outstanding unpaid portion of her purchase price of the shares of stock.

Plaintiff brought this action for reformation of the agreement based on a claim that because of what it terms a "scrivenor's error", the contract does not accurately reflect the agreement of the parties. Instead, plaintiff asserts that the disputed term of the agreement should be reformed to reflect what it terms to be its true meaning. Alternatively, plaintiff claims in the second cause of action that the contract should be "interpreted" to reflect the plaintiff's purported meaning.

Defendant interposed counterclaims for specific performance of the repurchase agreement and damages for plaintiff's

breach of the agreement. Defendant's motion for summary judgment dismissing the complaint and for judgment on the counterclaims was denied by the motion court because it found that the various papers submitted by the plaintiff in opposition to the motion raised issues of fact as to whether a mistake existed.

We reverse and grant defendant summary judgment because the conclusory allegations proffered by the plaintiff in opposition to this motion are insufficient to overcome the clear language of the contract.

The contract was the result of detailed arm's length negotiations between the parties. Each side was represented by experienced counsel, and the proposed contract was reviewed several times. Concededly, the final version was drafted by plaintiff's attorney after the preparation of four drafts.

"Where a written agreement between sophisticated, counseled businessmen is unambiguous on its face, one party cannot defeat summary judgment by a conclusory assertion that, owing to mutual mistake or fraud, the writing did not express his own understanding of the oral agreement reached during negotiations." *(Chimart Assocs. v Paul,* 66 NY2d 570, 571.) A party seeking reformation of a contract must overcome the heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties with a "high order of evidence". The proponent of reformation must show in no uncertain terms not only that mistake or fraud exists, but exactly what was really agreed upon between the parties. *(Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211.)

Here plaintiff has not met its heavy burden of overcoming the unambiguous language of the writing. In opposition to the motion, plaintiff submitted selective correspondence reflecting the negotiations, in addition to deposition excerpts and affidavits by plaintiff's president, business advisor, and attorney which state in vague and conclusory terms their various versions of what the agreement should read. These proofs fall far short of the high evidentiary showing necessary to support plaintiff's request for reformation or to defeat defendant's motion for summary judgment. In contrast, the clear, unambiguous terms of the contract provide that plaintiff must repurchase defendant's shares at a per-share price determined by dividing the number of shares outstanding into 2.5 times the gross revenues of the station. From the total value of the five shares, as thus computed, is to be deducted the unpaid portion of defendant's purchase price.

Accordingly, summary judgment is granted to defendant dismissing the complaint and granting her partial summary judgment on her counterclaims on the issue of liability.

Since the precise amount of damages to which defendant is entitled cannot be computed on this record which reflects a factual dispute as to the exact number of shares outstanding, we remand for an assessment of damages. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Ellerin, JJ.