OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*646 In October 1980, plaintiff entered into an agreement with defendants to transfer an interest in certain apartment buildings to defendants. The agreement provided, inter alia, for sharing 25% of the profits upon conversion of the buildings to cooperative ownership. Defendants converted the apartments to condominium ownership and refused to pay plaintiff any part of the net profits. Plaintiff commenced this action seeking reformation of the agreement and an accounting, alleging mutual mistake of the parties and mistake of the plaintiff and fraud of the defendants. Plaintiff claimed entitlement to 25% of the net profits derived from the conversion of the apartments to tenant-ownership, regardless the form of ownership —whether cooperative or condominium.
Special Term determined to treat defendants’ CPLR 3211 (a) (7) motion to dismiss the complaint as a motion for summary judgment pursuant to CPLR 3212 (b); granted the motion to the extent of dismissing the allegations of mistake of the plaintiff and fraud of the defendants; granted partial summary judgment severing and dismissing those allegations and denied the motion insofar as the complaint alleged mutual mistake of the parties. The Appellate Division affirmed, concluding that regardless of the propriety of Supreme Court’s converting the CPLR 3211 motion to one for summary judgment pursuant to CPLR 3212, dismissal of the complaint was proper because, in any event, the complaint failed to state a claim for fraud as a matter of law.
Although Supreme Court’s purported conversion of defendants’ CPLR 3211 motion was not done in accordance with the notice requirement of CPLR 3211 (c) or this court’s recent holding in Mihlovan v Grozavu (72 NY2d 506), the Appellate Division properly determined that plaintiff’s complaint failed as a matter of law to state a cause of action for unilateral mistake and fraud.
A bare claim of unilateral mistake by plaintiff, unsupported by legally sufficient allegations of fraud on the part of defendants, does not state a cause of action for reformation (see, Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 218-219; Nash v Kornblum, 12 NY2d 42, 46, see also, Amend v Hurley, 293 NY 587, 595 [the right to reformation must be demonstrated by clear, positive and convincing evidence]). Here, plaintiff merely alleged that defendant committed fraud in concealing knowledge of a “loophole” in the contract — that its reference to cooperative conversion did not include condominium conversion. The complaint did not allege the essential *647 elements of a fraud claim, misrepresentation of a material fact, falsity, scienter and deception (see, Channel Master Corp. v Aluminium. Ltd. Sales, 4 NY2d 403, 406-407) and thus failed to satisfy the specificity and particularity requirements of CPLR 3013 and 3016 (b). Moreover, even taking into account plaintiffs additional submissions (see, Arrington v New York Times Co., 55 NY2d 433, 442), there is no contention that defendants were aware of and concealed the existence of the "loophole” at the time of the negotiation and execution of the agreement, nor was there any claim that plaintiff was fraudulently induced to enter into the agreement by reason of any such concealment. Plaintiffs remaining contentions are without merit.
Accordingly, the complaint was legally insufficient to state a cause of action for reformation based on unilateral mistake and fraud and was properly dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum. Certified question not answered as unnecessary.