■ EDMURPER CORP., Respondent, v BRUCE GLASSMAN, Appellant.—Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 22, 1988, which granted plaintiff's motion for summary judgment to recover on two promissory notes plus interest, costs and disbursements, is unanimously reversed on the law and the motion for summary judgment denied, with costs and disbursements.

Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on June 3, 1988, which granted plaintiff's motion for summary judgment to recover on two promissory notes, ordered that the second and fourth causes of action in action No. 1 seeking recovery of attorneys' fees and costs be severed for an assessment as to the reasonable value of services rendered by plaintiff's attorneys, dismissed the counterclaims alleged by defendant in action No. 1, denied as academic the cross motion to consolidate action No. 2 and denied without prejudice to renewal the cross motion seeking dismissal of action No. 2, is unanimously modified on the law to the extent of denying plaintiff's motion for summary judgment to recover on two promissory notes, vacating the direction that the second and fourth causes of action in action No. 1 be severed for an assessment as to the reasonable value of services rendered by plaintiff's attorneys, reinstating the counterclaims asserted by defendant in action No. 1, and otherwise affirmed, with costs and disbursements.

Appeal from order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on January 19, 1989, is unani-

mously dismissed as academic, without costs and without disbursements.

Plaintiff commenced this action to recover moneys allegedly due on two promissory notes issued in connection with a purchase agreement between defendant, as buyer, and the seller, individual members of the Grant family, who are shareholders in a family-owned corporation, plaintiff Edmurper Corporation, which is engaged in the business of providing shorthand reporting services. Following the closing on the transaction, and after defendant had already paid considerable sums to the Grants, he advised them that he had been fraudulently induced into the sale and wished to rescind the agreement. It is defendant's contention that the principal officer, Edward Grant, 80 years old and in failing health, was unwilling to undertake the substantial capital improvements necessary to his business and, therefore, arranged a sale to an inexperienced buyer at an inflated price and without full disclosure. In that regard, Edward Grant allegedly withheld crucial information, among which was the imminent termination of a collective bargaining agreement. Although it appears that defendant had knowledge of the existence of the collective bargaining agreement, it is unclear whether he was informed that the automatic renewal provision, which would have operated to extend the agreement for an additional year, was not being invoked. Thus, defendant points to a letter dated August 29, 1986, in which the Federation of Court Reporters advised that they were terminating the current collective bargaining agreement. According to defendant, this letter, written some 10 days prior to the closing, was not disclosed by Edward Grant in order to conceal both the termination of the collective bargaining agreement and to prevent defendant from learning about the extent of the labor unrest between the company and the union and that a strike by the Federation of Court Reporters was either very likely or inevitable.

An examination of the record herein reveals that there is an unresolved question of fact as to whether Edward Grant was aware of (although in a letter dated Sept. 8, 1986, Grant requested a list of demands from the union in response to its August 29th "flyer") and concealed the letter of August 29, 1986, as well as the existence of underlying labor strife between plaintiff and the Federation of Court Reporters, that defendant was otherwise unaware of the labor situation and was, consequently, fraudulently induced to proceed with the closing as a result of such lack of disclosure (see, *Barclay Arms*

*v Barclay Arms Assocs.,* 74 NY2d 644, 647). Since there is a disputed question of fact concerning the foregoing matter, summary judgment was inappropriate. Concur—Murphy, P. J., Sullivan, Ross, Milonas and Rubin, JJ.