■ BARCLAY ARMS, INC., Appellant, v BARCLAY ARMS ASSOCIATES et al., Respondents.—Order and judgment (one paper) of Supreme Court, New York County (Karla Moskowitz, J.), entered July 1, 1991, which granted defendants' motion for summary judgment dismissing the remaining cause of action in plaintiff's amended complaint while severing defendants' counterclaim for trial, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion is denied, the complaint is reinstated, and leave is granted to serve a second amended complaint limited to expanding upon the existing cause of action for mutual mistake, without costs.

In 1980 plaintiff entered into a contract to sell to the assignor ("the purchaser") of defendant Barclay Arms Associates (BAA) an apartment building in Queens. In a simultaneously executed addendum, the purchaser agreed that in the event said purchaser or "its successors or assigns, or any owner of the Leasehold, shall within 12 years of Closing file a Plan to convey the property covered by the Leasehold to *cooperative* ownership, and such Plan subsequently becomes effective, then the PURCHASER shall pay to the SELLER an amount equal to 25% of the Net Profits derived from the sale of the apartments in the said Property." (Emphasis added.)

Three months later, the purchaser assigned its interest in the property to BAA, which entered into an identical agreement with plaintiff, undertaking to share 25% of net profits from any conversion to cooperative ownership within 12 years.

Some 2½ years later, the building underwent conversion to *condominium* ownership. When BAA refused plaintiff's claim for its share of the profits on the ground that condominium conversion was a form of tenant ownership not contemplated

by the agreement, plaintiff brought this action in 1985 for reformation to reflect that the true understanding between the parties was to cover *any* form of tenant ownership conversion, not limited to cooperative ownership. The complaint contained a single cause of action grounded on alternative theories of mutual mistake, or plaintiff's unilateral mistake coupled with defendants' fraud.

Defendants' motion for summary judgment at Special Term was granted in 1985, only insofar as the claim for reformation was grounded on alleged fraud; the existence of a triable issue of fact precluded dismissal of the balance of the complaint insofar as the complaint was grounded on alleged mutual mistake. Each side appealed, and in November 1988 this court affirmed (144 AD2d 287, 288), noting that "the allegations contained [in the complaint] are adequate to state a cause of action for mutual mistake".

Only plaintiff appealed to the Court of Appeals, which affirmed (74 NY2d 644) in May 1989. While that appeal was pending, in December 1988, plaintiff, without leave, served an amended complaint which repeated the cause of action for mutual mistake, and separately stated additional causes of action for breach of contract, breach of a joint venture agreement in violation of fiduciary obligations, and fraudulent misrepresentation, all based on an understanding that defendants would attempt to convert the apartments into *cooperative* ownership.

Defendants moved to dismiss on several grounds, including res judicata. In September 1989 the IAS court granted dismissal of the three new causes of action, leaving intact only the claim based on mutual mistake. There was no appeal from that ruling.

Following extensive discovery, defendants moved again, in January 1991, for summary judgment on the remaining cause of action. In response, as evidenced from the oral argument on that motion, plaintiff seemingly abandoned the original theory that the understanding between the parties was that the reference in the agreement to cooperative conversion really referred to *any* kind of conversion (cooperative or condominium), and now argued that the passage in the agreement really meant that the parties intended only a cooperative conversion or no conversion at all. When pressed as to where that reading could be found in the complaint, counsel pointed to an affidavit by plaintiff's assistant secretary, David Jacobs, to the effect that plaintiff had been persuaded to enter this

agreement based on the purchaser's reputed "expertise" in cooperative conversions, and the latter's representation that market conditions at the time were right for conversion, so *"a cooperative conversion plan* would be filed" (emphasis in original). But the Jacobs affidavit, in December 1988, actually preceded plaintiff's amended complaint by nearly two weeks. Why, then, the IAS court asked, had not this new theory been included in the amended complaint? Counsel replied that the affidavit should be read as "expan[ding]" upon that amended complaint, and in any event plaintiff could always "make a motion at the trial to amend the pleadings to conform the proof *[sic]."* The court, at that point, reminded counsel that they were now arguing a motion for summary judgment.

No formal motion was ever made by plaintiff to amend the complaint further. Nevertheless, in granting defendants' motion for summary judgment, the court gratuitously added, in its short-form disposition, that "[p]ermission to amend complaint again is denied". The settled judgment makes no mention of denial of any such motion, nor does plaintiff's notice of appeal, although this issue does surface in plaintiff's pre-argument statement filed in accordance with (22 NYCRR) section 600.17 (a) of the rules of this court.

The fact that summary judgment was once before denied to defendant on a cause of action for mutual mistake (in 1985) did not preclude another motion for that relief in 1991 after extensive discovery. However, nothing in the stated or discovered positions of the respective parties to date has resolved the fundamental factual question of whether the executed writing did or did not express the true intent of the parties *(Nash v Kornblum,* 12 NY2d 42; *Kirke La Shelle Co. v Armstrong Co.,* 263 NY 79).

Plaintiff should have a right, pursuant to its cause of action for mutual mistake, to develop at trial either theory—that the parties originally intended to include *any* kind of tenant conversion in the profit-sharing arrangement, or that defendants' contractual obligation was to pursue *only* a cooperative conversion. Further amendment of the complaint for this limited purpose should accordingly be permitted. Concur— Milonas, J. P., Wallach, Kassal and Rubin, JJ.