■ GORDON AND JACK, Appellant, v ROYAL INDEMNITY CO., Respondent, et al., Defendants. (And a Third-Party Title.) [631 NYS2d 392] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Molloy, J.), dated March 2, 1994, which, *inter alia,* denied its motion for partial summary judgment against the defendant Royal Indemnity Co. and *sua sponte* granted summary judgment in favor of that defendant dismissing the complaint insofar as it is asserted against it, and (2) as limited by its brief, from so much of an order of the same court, dated June 9, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 2, 1994, is dismissed, as that order was superseded by the order dated June 9, 1994, made upon reargument; and it is further,

Ordered that the order dated June 9, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Royal Indemnity Co. is awarded one bill of costs.

Jean Marrapodi fell and was injured on a driveway located on real property owned by the plaintiff. The plaintiff sought coverage and legal representation from its insurance carrier, the defendant Royal Indemnity Co. (hereinafter Royal). However, Royal disclaimed coverage and refused to defend the plaintiff on the ground that the accident location was not covered under the policy. Thereafter, the plaintiff commenced this action claiming, *inter alia,* that Royal had erred in disclaiming coverage.

Contrary to the plaintiff's contention, the policy only covered the building located at 1221-1247 Wantagh Avenue, and not

the driveway to an adjacent uninsured parking lot where the accident occurred. Therefore, Royal had no duty to defend or indemnify the plaintiff (see, John Hancock Prop. & Cas. Ins. Co. v Warmuth, 205 AD2d 587).

The issue raised by the plaintiff that the policy terms conflict with the policy application was not raised at the Supreme Court and will not be addressed on this appeal. O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.