■ QDR CONSULTANTS & DEVELOPMENT CORP., Appellant-Respondent, v COLONIA INSURANCE COMPANY, Respondent-Appellant. [675 NYS2d 117] —In an action to recover upon a labor and material payment bond, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 29, 1997, as denied that branch of its motion which was for summary judgment, and the defendant cross-appeals, as limited by its brief, from so much of the order as failed to search the record and thereupon grant summary judgment to it dismissing the plaintiff's cause of action to recover damages for lost profits.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the defendant is not aggrieved by an order which does not grant relief it did not request (see, Kipbea Baking Co. v Strauss, 10 AD2d 987); and it is further,

Ordered that the order is modified by deleting therefrom the provision denying that branch of the plaintiff's motion which was for summary judgment in the amount of $201,785, representing damages for labor and materials, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that upon searching the record, summary judgment is granted to the defendant dismissing the plaintiff's cause of action to recover damages for lost profits.

In May 1993 Viron Company, Inc. (hereinafter Viron), was

hired to perform construction work on a project. On June 16, 1993, a labor and material payment bond in the amount of $4,250,000 was issued naming Viron as the principal and the defendant, Colonia Insurance Company (hereinafter Colonia), as the surety. The preamble of the bond stated that the bond would be enforceable if Viron failed to pay for "all labor and material used or reasonably required for use". Moreover, the bond stated that a claimant could sue on the bond if it was not paid in full before the expiration of 90 days after the last date that it had performed work or furnished material, and that a claimant could prosecute the suit to final judgment for such amount "as may be justly due claimant".

Subsequently, on September 28, 1993, Viron hired the plaintiff, QDR Consultants & Development Corp. (hereinafter QDR), as a subcontractor to perform construction work. In November 1993 after QDR rendered partial performance, Viron terminated the contract with QDR.

Pursuant to an arbitration clause in the subcontract, QDR commenced an arbitration proceeding in March 1994 against Viron. Under the arbitration award rendered in November 1995, Viron was to pay QDR $201,785 for "the value of work" completed by QDR, $337,421 for lost profits, $2,473 for administrative arbitration expenses, and $1,620 for arbitrators' compensation. The sums awarded included interest through the date of the award. Under the arbitration award, Viron was to pay QDR a total of $543,299. The arbitration award was subsequently confirmed and judgment was entered against Viron.

During the pendency of the arbitration proceeding, QDR commenced this action against Colonia to recover on the bond. The Supreme Court granted that branch of QDR's motion which was to increase the damages sought under the complaint to recover the full amount of the arbitration award, but denied that branch of QDR's motion which was for summary judgment. On appeal, QDR withdrew its claim seeking administrative fees and arbitrator's compensation.

It is well settled that the doctrine of collateral estoppel is applicable to issues resolved in an earlier arbitration proceeding (see, Matter of Ranni [Ross], 58 NY2d 715, 717; Dimacopoulos v Consort Dev. Corp., 158 AD2d 658, 659). The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior proceeding and decided against that party or those in privity (see, Ryan v New York Tel. Co., 62 NY2d 494, 500). The issue must have been identical to the issue raised in the prior

proceeding and material to the prior proceeding (*see, Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005; *Ryan v New York Tel. Co., supra,* at 500-501) and the party opposing the use of collateral estoppel must have been afforded a full and fair opportunity in the prior proceeding to contest the issue (*see, Allied Chem. v Niagara Mohawk Power Corp., supra,* at 276; *Ryan v New York Tel. Co., supra,* at 501).

For collateral estoppel purposes, Colonia, as the surety, stands in the shoes of Viron, its principal, and its liability is limited to that of Viron's (*see, Venus Mech. v Insurance Co.,* 245 AD2d 559; *Dimacopoulos v Consort Dev. Corp., supra; Burdick Assocs. Owners Corp. v Indemnify Ins. Co.,* 166 AD2d 402). Thus, Colonia is bound by the arbitration award to the extent that the issues resolved during the arbitration proceeding are relevant to the instant proceeding (*see, Shoulders v Brown,* 224 AD2d 960; *Matter of Rourke v New York State Dept. of Correctional Servs.,* 201 AD2d 179, 182). Since the arbitration proceeding found Viron liable to QDR for the termination of the subcontract, Colonia is bound by that finding because it is relevant to the instant action. Moreover, Colonia is bound by the arbitration award of the value of work performed by QDR since this issue is pertinent to this action. Although the arbitrators awarded QDR $337,421 for lost profits, the issue of whether lost profits were recoverable under the bond was not addressed in the arbitration proceeding. Therefore, Colonia may assert this issue as a defense in the instant action (*see, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127; *Zacher v Oakdale Islandia Ltd. Partnership,* 211 AD2d 712).

Although Colonia never cross-moved for summary judgment dismissing QDR's claim for lost profits, it may raise on appeal the Supreme Court's failure to grant it that relief because both the Supreme Court and this Court have the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a nonmoving party (*see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112; *Vecchio v Lack,* 131 AD2d 465). Moreover, the issue raised by Colonia was the subject of the motions before the court (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430).

Under New York law, lost profits are generally not recoverable under a labor and materials payment bond (*see, Concrete Constr. Corp. v Commercial Union Ins. Co.,* 68 AD2d 866; 11 NY Jur 2d, Bonds, § 120; *cf., Olive Co. v United States of Am. for Use & Benefit of Marino,* 297 F2d 70 [holding that lost

profits were not recoverable under Miller Act, 40 USC § 270b, whose provisions are similar to the terms of the bond]). Accordingly, upon searching the record Colonia is granted summary judgment dismissing QDR's cause of action to recover damages for lost profits. Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.