■ IMAGE CLOTHING, INC., Tried as EXPLOTION, Respondent, v STATE NATIONAL INSURANCE COMPANY, Appellant. [736 NYS2d

885] —In an action to recover benefits under an insurance policy, the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), entered July 16, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by adding thereto a provision that, upon searching the record, summary judgment is awarded to the plaintiff; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff, a men's clothing store, leased space in a building and was insured by the defendant for property damage. It is not disputed that on January 31, 2000, clothing merchandise belonging to the plaintiff was damaged in a specific dollar amount by water which entered the premises due to a worn roof in substantial disrepair.

The only issue for the Supreme Court to determine was whether certain provisions in the applicable insurance policy excluded coverage in this case. The defendant claimed that the exclusionary provisions pertaining to "Wear and Tear" of the plaintiff's property included wear and tear of the roof of the building. The Supreme Court, in denying the defendant's motion for summary judgment, correctly determined that the exclusionary provisions in question did not apply to the roof of the building but only applied to the property belonging to the plaintiff.

In addition, although the plaintiff did not cross-move for summary judgment, this Court is authorized by CPLR 3212 (b) to search the record and grant summary judgment to a non-moving party with respect to an issue that was the subject of the motion before the court (see, Dunham v Hilco Constr. Co., 89 NY2d 425, 429; QDR Consultants & Dev. Corp. v Colonia Ins. Co., 251 AD2d 641, 643). In this case, the issue regarding the exclusionary provisions was the subject of the motion before the Supreme Court. Accordingly, upon searching the record, we find that there are no triable issues of fact and that the plaintiff is entitled to recover under its policy of insurance with the defendant in the amount sought in the complaint. Santucci, J.P., S. Miller, Friedmann and Prudenti, JJ., concur.