■ RICHARD GOLDSTEIN et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [751 NYS2d 549] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), entered August 17, 2001, which granted the separate motions of the defendants Long Island Lighting Company and New York Telephone Company for summary judgment dismissing the complaint insofar as asserted against them, and, upon searching the record, granted the defendant County of Suffolk summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, entered September 5, 2001, which, upon the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The Supreme Court properly granted the separate motions of the defendants Long Island Lighting Company and New York Telephone Company for summary judgment dismissing the complaint insofar as asserted against them. The movants established their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the plaintiffs failed to raise a triable issue of fact demonstrating that the movants' alleged negligence proximately caused the injured plaintiff's injuries. The plaintiffs merely submitted a conclusory affidavit which contained unsubstantiated allegations and bald conclusions insufficient to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557; Detko v McDonald's Rests. of N.Y., 198 AD2d 208, 209).

Furthermore, although the defendant County of Suffolk did not move for summary judgment, the Supreme Court and this Court have the authority pursuant to CPLR 3212 (b) to search the record and grant summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429; Image Clothing v State Natl. Ins. Co., 291 AD2d 377, 378; QDR Consultants & Dev. Corp. v Colonia Ins. Co., 251 AD2d 641, 643). Under the circumstances of this case, the Supreme Court properly searched the record and granted the County of Suffolk summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.