In related actions to recover damages for personal injuries, etc., the defendants in Action No. 2, Chase Manhattan Automotive Finance Corporation, Joanna Delecce, Tylieka Dañar, and First Union Auto Finance, Inc., separately appeal from an order of the Supreme Court, Nassau County (Joseph, J.), entered January 31, 2003, which denied the respective motions of the defendant Joanna Delecce, and the defendants Tylieka Dañar and Chase Manhattan Automotive Finance Corporation, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Robert Glanzrock did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the appeal by the defendant First Union Auto Finance, Inc., is dismissed on the ground that it is not aggrieved by the order appealed from (see CPLR 5511; QDR Consultants & Dev. Corp. v Colonia Ins. Co., 251 AD2d 641 [1998]); and it is further,
Ordered that the order is reversed on the appeals by Chase Manhattan Automotive Finance Corporation, Joanna Delecce, and Tylieka Dañar, on the law, the motions are granted, upon searching the record, summary judgment is granted to the defendant First Union Auto Finance, Inc., and the complaint in Action No. 2 is dismissed; and it is further,
Ordered that one bill of costs is awarded to the defendants Chase Manhattan Automotive Finance Corporation, Joanna Delecce, and Tylieka Dañar.
*399 Joanna Delecce, Tylieka Dañar, and Chase Manhattan Automotive Finance Corporation, defendants in Action No. 2, made a prima facie showing that the plaintiff Robert M. Glanzrock did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002] ; Gaddy v Eyler, 79 NY2d 955 [1992]; McCauley v Ross, 298 AD2d 506 [2002]). In opposition, the plaintiffs in that action failed to submit any medical proof in admissible form that was contemporaneous with the subject accident showing any initial range of motion restrictions in his spine (see Ifrach v Neiman, 306 AD2d 380 [2003]; Pajda v Pedone, 303 AD2d 729 [2003] ; Lanza v Carlick, 279 AD2d 613, 614 [2001]). Furthermore, the plaintiffs failed to submit any probative medical evidence regarding the nature and extent of any treatment (see Sambajon v Everett, 301 AD2d 510 [2003]; Crespo v Kramer, 295 AD2d 467 [2002]; Yaraghi v Zeller, 286 AD2d 765 [2001]).
Although the defendant First Union Auto Finance, Inc., did not move for summary judgment dismissing the complaint insofar as asserted against it in Action No. 2, this Court has the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a nonmoving party (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-112 [1984]; QDR Consultants & Dev. Corp. v Colonia Ins. Co., supra) with respect to an issue that was the subject of the motions before the Supreme Court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]). Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.