■ GALS, INC., Appellant, v GEMMA CONSTRUCTION COMPANY, INC., et al., Defendants, and AMERICAN HOME ASSURANCE COMPANY et al., Respondents. [784 NYS2d 51]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 18, 2003, which, in an action by a subcontractor to recover damages for delay, overhead and lost profits allegedly sustained on a public improvement project, insofar as appealed from as limited by the briefs, granted defendant surety's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff's claim for delay damages is based on the five-month period it was bound to remain on "standby," furnishing materials, equipment and manpower to the site, while a stop work order issued by the prime contractor was in effect. This claim was properly dismissed as precluded by the release that plaintiff thereafter gave defendant "for labor, materials and/or equipment supplied to the Project prior to the date of this Assignment and Release, except for Releasor's claim for costs/overhead/profit on deleted work [and certain other claims not in issue]" (*see Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616 [1994]). If plaintiff intended to reserve its claim for delay damages, it should have included that claim in the release

as another exception. We would add that plaintiff's subcontract also plainly precludes delay damages.

Plaintiff's claims for overhead and lost profits are based on the prime contractor's deletion of the major portion of plaintiff's subcontract at or about the time it lifted the stop work order. These claims were properly dismissed as precluded by defendant's payment bond, which covers "[m]aterials and supplies (whether incorporated in the permanent construction or not), as well as teams, fuels, oils, implements or machinery furnished, used or consumed by said Principal or any Subcontractors [on the site]." Placement of a comma after, rather than before, the word "machinery" discloses a clear intent to cover only labor that plaintiff actually performed at the site, and materials and supplies that it actually "used" at the site, and not labor, materials and supplies that it merely "furnished" to the site. Such a result is in accord with well-established law that a labor and material bond does not generally cover lost profits (*see QDR Consultants & Dev. Corp. v Colonia Ins. Co.*, 251 AD2d 641, 643 [1998], *lv denied* 92 NY2d 814 [1998]).

We have considered plaintiff's claim of bad faith and find it to be without merit. Concur—Nardelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.