(June 27, 2005)

■ ALLCITY INSURANCE COMPANY, Appellant, v ANN MARIE BORRELLO et al., Respondents, et al., Defendants. [798 NYS2d 121]—

In an action, inter alia, for a judgment declaring that the plaintiff, Allcity Insurance Company, has no duty to defend or indemnify the defendants Ann Marie Borrello and Ann Marie Borrello, as administratrix for the estate of Roger Borrello, in

an underlying personal injury action entitled *Santana v Borrello,* pending in Supreme Court, Kings County, under index No. 31282/98, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Jacobson, J.), entered November 12, 2003, which, inter alia, denied its motion for summary judgment, and (2), as limited by its brief, from so much an order of the same court entered August 23, 2004, as denied its motion for leave to renew.

Ordered that the order entered November 12, 2003, is affirmed; and it is further,

Ordered that, upon searching the record, summary judgment is awarded in favor of the defendants Ann Marie Borrello and Ann Marie Borrello, as administratrix for the estate of Roger Borrello, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the plaintiff, Allcity Insurance Company, has a duty to defend and indemnify the respondent Ann Marie Borrello in her personal and administrative capacities in the underlying personal injury action entitled *Santana v Borrello*; and it is further,

Ordered that the order entered August 23, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In September 1998, in the underlying personal injury action, Denisse Santana, an infant, by her mother and natural guardian Belkis Santana, sued Roger Borrello and Ann Marie Borrello (Roger later died and Ann Marie was substituted as his administratrix. They will be referred to collectively as the Borrellos). The infant allegedly was injured by the lead paint in an apartment in a building owned by the Borrellos.

Thereafter, starting in 1998, the plaintiff, Allcity Insurance Company (hereinafter Allcity), defended the Borrellos under an insurance policy and the policy renewals it had issued to them for the years 1994 through 1998 (hereinafter collectively the policy), under reservation of rights letters. The policy's declaration page names the Borrellos individually as the insureds.

In June 2002 Allcity notified the Borrellos that it would continue to defend them but would not indemnify them. In August 2002, Allcity commenced this action for a judgment declaring that it had no obligation to either defend or indemnify the Borrellos under the policy and to be relieved of their defense. The Supreme Court denied Allcity's motion for summary judgment and subsequently denied its motion for leave to renew.

The Supreme Court properly denied Allcity's motion for sum-

mary judgment. Moreover, upon searching the record, we find that the Borrellos are entitled to summary judgment and a declaration that Allcity has a duty to defend and indemnify them in the underlying action (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429, 430 [1996]; *Image Clothing v State Natl. Ins. Co.*, 291 AD2d 377 [2002]; *Galatti v Alliance Funding Co.*, 228 AD2d 550 [1996]).

In the section captioned "COVERAGE," the policy provides, inter alia, that Allcity "will pay those sums that the insured" "becomes legally obligated to pay as damages because of 'bodily injury' . . . This insurance applies only to 'bodily injury' . . . which occurs during the policy period. The 'bodily injury' . . . must be caused by an 'occurrence'. The 'occurrence' must take place in the coverage territory." It also defines as an insured anyone designated in the declaration section but "only with respect to the conduct of a business of which you are the sole owner." It defines coverage territory as, inter alia, the United States, and occurrence as an "accident including continuous or repeated exposure to substantially the same general harmful conditions."

Contrary to Allcity's contention, the coverage provided by the policy to the insureds was not limited to the locations listed on its declaration page. The policy language provides that Allcity is to indemnify the insureds, in this instance the Borrellos, up to the policy limits for sums they become obligated to pay with respect to the conduct of a business owned solely by them. That clearly includes the building of which Ann Marie is the sole owner. Since there is no geographical or location-limiting language in the policy, or a rider limiting liability to the locations listed on the declaration page annexed as part of the policy during the relevant time periods of 1993-1997, and since it is uncontested that Ann Marie Borrello, individually, owned that building, Allcity is obligated to defend and indemnify the Borrellos in the underlying action (*see Mazzuoccolo v Cinelli*, 245 AD2d 245, 246-248 [1997]; *see also GRE Ins. Group v Metropolitan Boston Hous. Partnership, Inc.*, 61 F3d 79, 82 [1995]; *cf. Gordon & Jack v Royal Indem. Co.*, 219 AD2d 617 [1995]).

The parties' remaining contentions are either without merit or need not be reached in light of this determination.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Allcity is obligated to defend and indemnify the Borellos in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.