■ GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Respondents, v UNITED STATES UNDERWRITERS INSURANCE COM-

PANY, Sued Herein as UNITED STATES LIABILITY INSURANCE COM-
PANY, Appellant, et al., Defendant. [827 NYS2d 147]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered January 11, 2005, which denied defendant United States Underwriters Insurance Company's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

It is well established that when interpreting an insurance contract, as with any written contract, the court must afford the unambiguous provisions of the policy their plain and ordinary meaning (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]; *Roundabout Theatre Co. v Continental Cas. Co.*, 302 AD2d 1, 6 [2002]), and " 'may not make or vary the contract of insurance to accomplish [its] notions of abstract justice or moral obligation' " (*Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996], quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]). Moreover, provisions contained in an insurance policy which limit coverage to certain premises are enforceable (*see Allcity Ins. Co. v Borrello*, 19 AD3d 621, 623 [2005]; *Mazzuoccolo v Cinelli*, 245 AD2d 245, 247-248 [1997], *see generally 2619 Realty v Fidelity & Guar. Ins. Co.*, 303 AD2d 299 [2003], *lv denied* 100 NY2d 508 [2003]).

In this matter, there is no dispute that the incident underlying the insurance claim occurred at an address other than the only address delineated in the policy to which coverage would apply. Plaintiffs, however, seek reformation of the insurance policy to reflect the "correct" scheduled location, specifically, the address where the incident occurred.

Reformation, as this Court once observed: "is not a mechanism to interject into the writings terms or provisions not agreed upon or suggested by one party but rejected by the other. (*Schmidt v Magnetic Head Corp.*, 97 AD2d 151, 159.) Nor may it be used to relieve a party from 'a hard or oppressive bargain.' (*Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219.) The burden upon a party seeking reformation is a heavy one since it is presumed that a deliberately prepared and executed

written instrument accurately reflects the true intention of the parties: 'The proponent of reformation must show in no uncertain terms not only that mistake or fraud exists, but exactly what was really agreed upon between the parties.' (*South Fork Broadcasting Corp. v Fenton*, 141 AD2d 312, 314, *lv dismissed* 73 NY2d 809.)" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 29 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992].) Moreover, once an insurance policy has been received, it constitutes presumptive knowledge of its terms and limits (*J.R. Adirondack Enters. v Hartford Cas. Ins. Co.*, 292 AD2d 771 [2002]; *Hess v Baccarat*, 287 AD2d 834, 836 [2001]).

A claim for reformation of a written agreement must be grounded upon either mutual mistake or fraudulently induced unilateral mistake (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *Goldberg v Manufacturers Life Ins. Co.*, 242 AD2d 175, 179 [1998], *lv dismissed in part and denied in part* 92 NY2d 1000 [1998]). In the case of mutual mistake, it must be alleged that "the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (*Chimart Assoc. v Paul*, 66 NY2d at 573; *accord Phillips v Phillips*, 300 AD2d 642, 643 [2002]), whereas in the case of unilateral mistake, it must be alleged that one party to the agreement fraudulently misled the other, and that the subsequent writing does not express the intended agreement (*Rosen Auto Leasing, Inc. v Jacobs*, 9 AD3d 798, 800 [2004]; *New York First Ave. CVS v Wellington Tower Assoc.*, 299 AD2d 205 [2002], *lv denied* 100 NY2d 505 [2003]). A bare, conclusory claim of unilateral mistake, which is unsupported by legally sufficient allegations of fraud, fails to state a cause of action for reformation (*Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 646 [1989]; *George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 218-219 [1978]). The essential elements of a claim of fraud are misrepresentation of a material fact, falsity, scienter and deception (*Barclay Arms*, 74 NY2d at 646-647; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]).

In the matter at bar, plaintiffs have failed to set forth a claim for mutual mistake as there is no clear allegation that defendant was ever directed to change the policy coverage from the address that was originally insured to a new location adjacent thereto. Plaintiffs also fail to state a claim for unilateral mistake, as the complaint does not allege fraud with the requisite particularity (*see* CPLR 3016 [b]; *Barclay Arms*, 74 NY2d at 647). Concur—Nardelli, J.P., Williams, Catterson, McGuire and Malone, JJ.