Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 14, 2008, dismissing the complaint, pursuant to an order, same court and Justice, entered August 11, 2008, which granted defendants’ motion to dismiss, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff alleges that defendant Mocal fraudulently induced it to enter into a sale of two buildings at a purchase price of more than $92 million by inadequately disclosing the extensions of some of the tenants’ leases. Although sent with an e-mail containing some 120 pages of documents, the revised rent roll containing the lease information was provided as a separate attachment and itself covered only 10 pages. The revised rent roll was provided to plaintiffs counsel more than a month before the signing of the contract and also was attached as a schedule to the contract that plaintiff executed. Both sides were sophisticated business entities, represented by counsel.
Accepting plaintiffs allegations as true and according plaintiff the benefit of every favorable inference (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]), we find that Mocal satisfied its duty to disclose the lease extensions, thereby foreclosing plaintiffs claim of fraudulent concealment (see Danann Realty Corp. v Harris, 5 NY2d 317, 322 [1959]).
Plaintiffs inability to demonstrate fraud is fatal to its claim for reformation based on unilateral mistake (see Barclay Arms v Barclay Arms Assoc., 74 NY2d 644, 646 [1989]; Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co., 36 AD3d 441, 443 [2007]). Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.