Harold Tessler, J.
This is a motion by the plaintiff to strike the answer and for summary judgment. The action is for a declaratory judgment that the defendant insurance company under a contract of insurance has a duty to defend plaintiff against a certain cause of action and pay on behalf of plaintiff any and all sums which plaintiff shall become legally obligated to pay as damages within the limits of the said policy on account of that cause of action.
On November 9,1962, the plaintiff was served with a summons and complaint in the Civil Court of the City of New York, County of Queens, which alleged that by reason of the negligence of the plaintiff on March 5, 1962, in permitting its watchdog to run wild and attack the dog of one Hannah Gallagher, the latter was caused to fall, sustaining personal injuries to herself and loss of services and medical expenses to her husband, Michael E. Gallagher.
The defendant has refused to defend on the sole ground that the policy affords no coverage for damage caused by a watchdog off the plaintiff’s premises. The defendant alleges in its affidavit in opposition to the motion that the attack of the dog was “not in discharge of its duties as a watchdog or in the furtherance of the plaintiff’s interest but was wholly, totally and completely unconnected with and outside of the scope of the duties of a watchdog whose sole duty was to protect the plaintiff’s property.” (Emphasis supplied.)
An examination of the contract of insurance, as amended, indicates that coverage is afforded for bodily injury liability for certain hazards including premises and operations. Under the “insuring agreement” the defendant agreed: “To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.”
Under division 1 of the definition of hazards which pertains to premises and operations as well as automobiles, such hazards are defined as: “ The ownership, maintenance or use of the premises for the purpose of an automobile sales agency, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto ”. (Emphasis supplied.)
It is further provided in paragraph 4 of the amendment to the policy that the company shall: “ defend any suit against the insured alleging such injury, sickness, disease or destruc *538 tian and seeking1 damages on account thereof, even if such suit is groundless^ false or fraudulent ”.
A number of exclusions are listed in the policy but none of these are broad enough to exclude liability for an injury caused by the defendant’s watchdog, either on or off the premises. The only provision in the policy with respect to location of an accident is that this ‘1 policy applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada.” Admittedly, the accident herein occurred within that territory and at a location at or near the plaintiff’s premises.
It is clear from the examination of the policy that if the keeping of the dog by the plaintiff was necessary or incidental to the operation of the plaintiff’s premises for the purpose of an automobile dealer repair shop, service station, storage garage, or public parking;place, that the policy affords coverage. The plaintiff’s president states in his affidavit that 1 ‘ the plaintiff owns a watchdog which animal is kept permanently on the insured premises and which animal is used solely for the protection of the insured premises.” The keeping of a watchdog for the protection of the insured premises is certainly incidental to its operation. The defendant does not deny the plaintiff’s claim and apparently concedes its truth since in the affidavit in opposition it states that the dog’s act was outside the scope of its duties as a watchdog whose “ sole duty was to protect the plaintiff’s property.” In any event, the defendant offers no proof that the dog was not used as a watchdog on the premises or was not necessary or incidental to the plaintiff’s operations. The defendant argues as if the dog itself were being sued for its act rather than the plaintiff for its alleged negligence in permitting the dog to run loose.
There being no issue of fact and it being clear that the policy covers the instant claim, the plaintiff’s motion for summary judgment is granted.