■ T. R. SERVICE STATION, INC., Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.— In an action to declare the rights of the parties under a " Garage Liability Policy " of insurance issued by defendant to plaintiff, the operator of an automobile service station and parking lot, the defendant appeals from an order of the Supreme Court, Queens County, dated February 28, 1964, which granted plaintiff's motion for summary judgment, struck out defendant's answer and declared that under the terms of said policy the defendant is obligated: (a) to defend the plaintiff in a pending action against it to recover damages by reason of personal injuries inflicted by its watchdog; and (b) to pay any judgment, within the limits of said policy, which may be rendered against plaintiff in such action. Order reversed, without costs, and plaintiff's motion for summary judgment denied. There is a question of fact whether, under the terms of the policy in suit, the maintenance of a watchdog on the insured premises is an operation necessary and incidental to the ownership, maintenance or use of the premises as an automobile service station and parking lot. That question should be resolved after trial. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur. [42 Misc 2d 536.]

■ DAVID SCOTT, an Infant, by His Guardian ad Litem, FRANK C. SCOTT, JR., et al., Respondents, v. NORTH SHORE HOSPITAL et al., Appellants.— In an action to recover damages for medical malpractice, the defendants North Shore Hospital, Bloome and Hill appeal from two orders of the Supreme Court, Nassau County, respectively entered July 23, 1964, and September 11, 1964, which inter alia: granted leave to the plaintiffs to serve a supplemental bill of particulars; limited the said defendants' physical examination of the infant plaintiff by directing that the infant shall be examined on behalf of all of them by two physicians, one a qualified neuro-psychiatrist and one a qualified opthalmologist; and required that a copy of the examining physicians' reports be furnished to the plaintiffs. Orders, insofar as appealed from by the three respective defendants, affirmed, with one bill of costs payable jointly by said three defendants. Trial of this action should not proceed until 30 days after the examining physicians shall have rendered their reports. Defendants shall furnish to plaintiffs a copy of such reports within five days after the reports are rendered. No opinion. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ JOYCE I. DE ROSA, an Infant by Her guardian ad Litem, WANDA YEN-KOWSKI, et al., Appellants, v. ANTHONY W. PACE, Respondent.— In a negligence action to recover damages for personal injury, loss of services and medical expenses, plaintiffs appeal from an order of the Supreme Court, Kings County, dated December 18, 1963, which denied their motion for summary judgment. Order affirmed, without costs. No opinion. Christ, Hill and Rabin, JJ., concur; BELDOCK, P. J. and Kleinfeld, J., dissent, and vote to reverse the order and to grant the plaintiffs' motion for summary judgment, with the following memorandum: In our opinion, the undisputed facts raise an inescapable inference of negligence on the defendant's part (Gerard v. Inglese, 11 A D 2d 381; Stone v. Goldsmith, 18 A D 2d 913; Savitt v. Leeds, 18 A D 2d 913).