■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and ISABELLE GENERETT, Appellant, et al., Respondent.—Order of the Supreme Court, New York County (Jawn A. Sandifer, J.), entered August 1, 1986, which granted petitioner Allstate Insurance Company's mo-

tion for a permanent stay of arbitration of the claim of respondent Isabelle Generett for uninsured motorist benefits, is unanimously modified, on the law and facts, to vacate that part of the order granting a permanent stay of arbitration and the motion by petitioner granted solely to the extent of directing a temporary stay of arbitration pending a preliminary trial on the threshold issue of whether the driver of the offending vehicle was insured by State Farm Mutual Automobile Insurance Co. at the time of the accident, and petitioner is directed to add James Verdi as an additional corespondent, and otherwise affirmed, without costs or disbursements.

Respondent Generett was a passenger in her own motor vehicle, insured by petitioner Allstate, when it was involved in an accident with an automobile owned by Susan Mohre and operated by James Verdi. Ms. Mohre's vehicle was not registered at the time of the accident and Mr. Verdi received tickets for being unlicensed, having no registration and having no insurance. After respondent Generett demanded arbitration with Allstate pursuant to the uninsured motorist endorsement of her insurance policy, Allstate commenced this special proceeding asserting that James Verdi resided at the same address as one Aurora Verdi, who was insured by additional corespondent State Farm for a period including the date of the accident. Petitioner contended that Aurora's policy with State Farm was "primary over Generett's uninsured motorist coverage".

The Supreme Court's grant of a permanent stay solely upon these assertions was improper. There can be no presumption that the insurance policy of one relative is automatically extended to another resident relative operating an uninsured automobile owned by a third party. The question of coverage is dependent upon the language of the policy and should not have been resolved by the court without the exact terms of that policy. We direct, therefore, the joinder of James Verdi as an additional corespondent and remand for a preliminary trial on the threshold issue of whether the policy of Aurora Verdi provides for coverage to James Verdi under the circumstances herein. Concur—Sullivan, J. P., Asch, Ellerin and Smith, JJ.