■ AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY, Appellant, v UNITED STATES OLYMPIC COMMITTEE, Respondent. [631 NYS2d 40] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about December 14, 1994, which granted defendant's motion for summary judgment to the extent of declaring that defendant's claim is one covered by the subject policy and that plaintiff is obligated to reimburse defendant for its defense costs in the underlying litigation, unanimously affirmed, without costs or disbursements.

The existence of insurance coverage is determined from the plain meaning of the language in the policy (*see, Matter of Allstate Ins. Co. [Generett]*, 134 AD2d 196, 197). An insurer seeking to invoke an exclusion under its policy must establish that the exclusion applies in the particular case, is expressed in

clear and unmistakable language and is subject to no other reasonable interpretation. (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652.) Any ambiguity in an exclusion must be resolved against the insurer and in favor of coverage (*Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83, 84).

The subject policy expressly includes coverage for recovery against the insured on a theory of implied contract, and the underlying action against the insured is limited to theories of unjust enrichment and quantum meruit (*Kalfin v United States Olympic Comm.*, 209 AD2d 279). Recovery in quantum meruit is treated as subsumed in a claim for breach of implied contract (*see, Heydt Contr. Corp. v Tishman Constr. Corp.*, 163 AD2d 196, 197), as is recovery on a theory of unjust enrichment (*see, Matter of Argersinger*, 168 AD2d 757, 758). Therefore, sufficient has been shown to justify a declaration in the insured's favor.

We have considered plaintiff's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.