■ BIANCA MAZZUOCCOLO, Plaintiff, v JOSEPH CINELLI et al., Defendants. FULL MOON PIZZERIA AND RESTAURANT et al., Third-Party Plaintiffs-Appellants-Respondents, v EMPIRE INSURANCE COMPANY et al., Third-Party Defendants-Respondents, and WALLBERG COMPANY, INC., et al., Third-Party Defendants-Respondents-Appellants. [666 NYS2d 621] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered February 7, 1997, which, to the extent appealed from as limited by the briefs, denied defendant and third-party plaintiff insured's motion for summary judgment on its third-party complaint seeking a declaration that third-party defendant insurer is obligated to defend and indemnify it with respect to plaintiff's underlying action for personal injuries, and which denied third-party defendant broker's cross motion for summary judgment seeking dismissal of the third-party complaint as against it, unanimously reversed, on the law, without costs, insured's motion for summary judgment granted and insurer is obligated to defend and indemnify the insured, and broker's cross motion is granted and the third-party complaint dismissed as against the broker. The Clerk is directed to enter judgment in favor of the third-party defendants-respondents-appellants dismissing the third-party complaint as against them.

In this third-party declaratory judgment action, third-party plaintiff Full Moon Pizzeria and Restaurant and AERGD Enterprises, Ltd. (insured) seeks a declaration that third-party defendant Empire Insurance Company/All City Insurance Co. (insurer) is obligated to defend and indemnify it in relation to plaintiff's underlying personal injury action. The insurer issued a Commercial Property and Commercial General Liability Package Policy in September 1994 to cover the insured's pizzeria located at 602 East 187th Street (602) in Bronx County.

In December 1994, the insured signed a lease to expand its restaurant to the premises next door at 600 East 187th Street (600). At the insured's request, broker Wallberg contacted the insurer to notify it of the expansion and corresponding renovations, and to make sure that the insurance coverage reflected these events.

In February 1995, plaintiff was struck by an object during renovations at 600, and she served a complaint on the insured in June 1995 alleging personal injuries. The insured sent the complaint to broker Wallberg, who forwarded it to the insurer with a notation stating that since the accident occurred at 600, which was not added onto the policy until April 12, 1995, the loss was not covered by the policy. On August 9, 1995, the insurer disclaimed coverage on the ground stated in the broker's notation.

The insured moved for summary judgment against the insurer for the declaratory relief sought in the complaint. The supporting papers included an affidavit from an insurance "expert" who asserted that the general liability coverage included in the policy did not depend on the particular address of the insured because the "coverage territory" for liability was defined as "the United States of America." The expert further stated that no exclusions in the policy prohibited coverage. Although not disputing that the policy covered occurrences that took place in the coverage territory, the insurer argued in opposition that the policy was amended to include 600 as covered premises only after the accident occurred, and therefore the loss was not covered.

Third-party defendant broker cross-moved for summary judgment arguing that it had no liability to the insured for the denial of coverage since it was acting as a disclosed agent for the insurer. Broker also claimed that the insured did not seek amendment of the policy until after plaintiff's accident.

By order dated February 4, 1995, the IAS Court denied the motion and cross motion, finding issues of fact existed as to whether the liability portion of the policy afforded coverage to an address not listed therein, whether the insurer and broker were advised of the new location and, if so, whether they failed to amend the policy to include it.

Our review of the IAS Court's order is guided by certain well-established principles governing the interpretation of insurance policies. Unambiguous provisions of an insurance contract, as with any written contract, must be given their plain and ordinary meaning (*Teichman v Community Hosp.*, 87 NY2d 514, 520; *Breed v Insurance Co.*, 46 NY2d 351, 355), and

the interpretation of such provisions is a question of law for the court (*Chimart Assocs. v Paul*, 66 NY2d 570, 572-573). Even where the terms of a policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer-drafter (*see, United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232; *American Intl. Specialty Lines Ins. Co. v United States Olympic Comm.*, 219 AD2d 458, 458-459). Further, an insurer seeking to negate coverage by virtue of an exclusion "must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652; *see also, Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311; *Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83, 84).

Applying these principles to the present case, we conclude that the plain and unambiguous terms of the general liability portion of this policy require the insurers to pay those sums that the insured becomes legally obligated to pay for any "bodily injury" caused by an occurrence within the "coverage territory."* As "coverage territory" is defined in this portion of the policy as the "United States of America," which 600 obviously falls within, the occurrence giving rise to plaintiff's injuries is covered under the policy (*see, T. R. Serv. Sta. v Maryland Cas. Co.*, 42 Misc 2d 536, 538, *revd on other grounds* 22 AD2d 817). Indeed, given the breadth of the coverage territory in this general liability policy, the insurers do not, and indeed could not, dispute this conclusion.

Instead, the insurers argue that coverage was properly denied because the premises at 600 had not been added to the policy at the time of the injury. Even if true, however, it is irrelevant since nothing in the terms of the general liability portion of the policy limits its application to claims arising from occurrences at the premises listed in the policy (*see, GRE Ins. Group v Metro Boston Hous. Partnership*, 61 F3d 79, 82 [1st Cir 1995] [rejecting insurer's claim that its comprehensive liability insurance was converted into a premises-only liability policy simply by listing a certain premises on schedule]).

In contrast to the general liability coverage, the portions of this policy pertaining to liability for property damage requires the insurers to pay for losses "to covered property at the premises described in the Declarations." It is undisputed that 602 was the only premises so described. Thus, if the claim

---

* We reach this conclusion without consideration of the extrinsic evidence offered by the insured's expert.

herein were one for property damage occurring away from the premises listed in the policy, a denial of coverage would stand on entirely different footing. Here, however, the limitations in the policy regarding property damage liability may not be engrafted onto the liability portion of the policy, which plainly lacks this limitation (*see, GRE Ins. Group v Metro Boston Hous. Partnership, supra,* at 82 [absence of premises-only language in liability portion of policy is significant in light of existence of such language in property damage part of policy]; *see also, City of Utica v Genesee Mgt.,* 934 F Supp 510, 517-518 [ND NY 1996]).

Moreover, it is completely illogical that the parties to this insurance contract agreed that the insurance would cover any loss for bodily injury occurring anywhere in the United States, which they clearly did, yet intended to exclude an injury which occurred in a building immediately next to the premises listed in the policy. Such construction would render the defined "coverage territory" meaningless. Accordingly, as the general liability policy did not exclude in clear and unmistakable language off-premises occurrences (*see, City of Utica v Genessee Mgt., supra,* at 517-518; *Connor Oil Co. v Travelers Ins. Co.,* 46 Misc 2d 215, 217), plaintiff's injuries were covered under the policy and the insurer must fulfill their obligations to defend and indemnify.

Given our conclusion that coverage exists, the insured's third-party claims against the broker for negligence in failing to secure adequate coverage necessarily must fail (*cf., American Motorists Ins. Co. v Salvatore,* 102 AD2d 342). We reject the insured's argument that the broker's motion for summary judgment should be denied because, notwithstanding the coverage determination, it is still entitled to seek damages from the broker, to wit, counsel fees not reimbursed by the insurer. An insured may only recover counsel fees when the insurer takes legal steps to free itself from its policy obligations, thereby casting the insured in a defensive posture (*Barry v Romanosky,* 147 AD2d 605, 606, citing *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21). No fees are recoverable where, as here, it is the insured who initiated legal action to determine its rights under the policy (*Barry v Romanosky, supra,* at 607). Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.