Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 18, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs’ cross motion for summary judgment, unanimously reversed, on the law, with costs, plaintiffs’ cross motion granted, and it is declared that the insurance policy issued by defendant insurer, Public Service Mutual Insurance Company (PSM), is primary for plaintiff Dierks Heating Company, Inc. (Dierks), its additional insured, and that it has a duty to defend and indemnify Dierks in the underlying personal injury action, and reimburse Dierks’ insurer for attorneys’ fees and expenses.
The underlying personal injury action was commenced by an employee of defendant 33rd Street Bakery, a tenant in a building owned by Dierks. PSM issued a commercial general liability (CGL) policy to the Bakery, and in accordance with the lease, Dierks was listed as an additional insured. Dierks also had its own CGL policy issued by plaintiff QBE Insurance Corporation.
PSM’s disclaimer, based on the “Intra-Insured” Exclusion which excludes defense and indemnification for any insured against a claim or suit brought by any other insured, is inapplicable based on the plain meaning of the provision (see Mazzuoccolo v Cinelli, 245 AD2d 245, 246-247 [1st Dept 1997]). The underlying plaintiff, an employee of the Bakery, is not an insured under the policy which provides coverage for third party liability actions in which an employee is named as a defendant based on “acts within the scope of [his] employment ... or while performing duties related to the conduct of [the] busi *443 ness.” Here, the employee is the plaintiff. However, even if the exclusion is ambiguous, it would be construed against the drafter, as PSM provided no extrinsic evidence in support of its contention that the exclusion is applicable (see Mazzuoceolo, 245 AD2d at 246-247).
Third party administrator Rockville Risk Management Associates, Inc., on behalf of QBE and Dierks, provided timely notice of the occurrence involved in the underlying action to PSM and tendered the defense and indemnification of Dierks on February 3, 2007. Although that letter did not explicitly identify Dierks as an additional insured under the PSM policy, from that date until July 2007 Rockville sent various documents (including the Lease and the QBE policy), which made clear that QBE was tendering the defense and indemnification of its insured, Dierks, to PSM as an additional insured under the PSM policy. Further, by correspondence dated January 6, 2010 Rockville again tendered the defense and indemnity of Dierks to PSM under the Bakery’s CGL policy. Along with the January 6, 2010 email correspondence, Rockville forwarded the suit papers in the underlying action. Thus, whether PSM’s obligation to deny coverage was triggered by the 2007 tenders from Rockville or the January 6, 2010 email from Rockville, PSM’s disclaimer on March 22, 2010 was untimely as a matter of law (see West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278 [1st Dept 2002], lv denied 98 NY2d 605 [2002]; J.T. Magen v Hartford Fire Ins. Co., 64 AD3d 266 [1st Dept 2009], lv dismissed 13 NY3d 889 [2009]).
As a matter of law, the PSM policy was primary, based on the policy language, specifically, the other insurance provision in the QBE policy, which states that QBE is excess over “any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.” Concur—Tom, J.P., Andrias, Freedman, Román and Gische, JJ.