■ Dart Mechanical Corp., Appellant, v City of New York et al., Respondents. [994 NYS2d 90]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 21, 2013, which granted defendants' motion to dismiss the complaint as untimely, unanimously affirmed, without costs.

The motion court correctly applied the limitations period in the parties' construction contract to bar plaintiff's claim for delay damages. The six-month period was not unreasonably short (*see CAB Assoc. v City of New York*, 32 AD3d 229, 232 [1st Dept 2006]; *Top Quality Wood Work Corp. v City of New York*, 191 AD2d 264, 264 [1st Dept 1993]).

The period began to run from the date of issuance of the letter from defendant contracting agency's chief engineer notifying plaintiff that the contract work was substantially complete. The letter constitutes a "certificate of substantial completion" under the terms of the contract, and it was issued by the Commissioner's duly authorized representative, as permitted under the contract. The limitations provision does not conflict with another provision regarding the procedures for obtaining payment for substantially complete work, as the provisions address independent obligations.

Plaintiff's waiver argument is unavailing; plaintiff fails to even suggest that defendants clearly manifested an intent to relinquish their right to enforce the contractual limitations pe-

riod (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.,* 7 NY3d 96, 104 [2006]). Nor can defendants be estopped from relying on the limitations period. Plaintiff could have commenced this action regardless of whether it had submitted the required documentation for payment for substantially complete work and for an extension of time to perform under the contract. Accordingly, defendants' alleged delays and improper conduct regarding the documentation did not frustrate plaintiff's ability to bring this action (*see Antonini v Petito,* 96 AD3d 446, 447 [1st Dept 2012], *lv dismissed* 20 NY3d 1029 [2013]).

Because plaintiff's claim for delay damages is independent of its right to obtain payment under the contract, the short limitations period does not affect plaintiff's right to file or enforce a mechanic's lien for payment under the contract. Accordingly, the limitations period does not violate Lien Law § 34. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.