16-3223-cv
LaptopPlaza, Inc. v. Starr Indemnity & Liability Company

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:     JON O. NEWMAN,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                    *Circuit Judges*.

_____

LAPTOPPLAZA, INC.,

      *Plaintiff - Appellant,*

      v.                                                      16-3223-cv

STARR INDEMNITY & LIABILITY COMPANY,

      *Defendant - Appellee.*

_____

| | |
|---|---|
| Appearing for Appellant: | Joshua L. Mallin, Tal Basis, Weg & Myers, P.C., New York, NY. |
| Appearing for Appellee: | John A.V. Nicoletti, William M. Fennell, Cali L. Eckler, Nicoletti Hornig & Sweeney, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant LaptopPlaza, Inc. appeals from an order entered by the United States District Court for the Southern District of New York (Buchwald, *J.*) granting summary judgment to defendant Starr Indemnity & Liability Company ("Starr"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Under New York law, "in the construction of contracts generally, including insurance contracts particularly, we give unambiguous terms their plain and ordinary meaning."[2] *Teichman v. Cmty. Hosp. of W. Suffolk*, 87 N.Y.2d 514, 520 (1996). "[T]he interpretation of such provisions is a question of law for the court." *Mazzuoccolo v. Cinelli*, 666 N.Y.S.2d 621, 622-23 (1st Dep't 1997) (internal citations omitted). We review de novo the district court's decision in this case that the contract's terms were unambiguous. *See Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016).

LaptopPlaza first argues that its storage trailer was covered by language in an insurance policy endorsement encompassing "goods and merchandise . . . while temporarily detained in **warehouses.**" App'x at 289. The parties focus on two dictionary definitions of the word warehouse, found in Black's Law Dictionary 1816 (10th ed. 2014), which defines a "warehouse" as "[a] building used to store goods and other items," and in Merriam-Webster's Collegiate Dictionary 1331 (10th ed. 1998), defining "warehouse" as a "structure or room for the storage of merchandise." The trailer fits neither definition. It is not a building. Nor does it fit the latter definition, as a trailer is designed for the transportation, and not the storage, of merchandise. LaptopPlaza has offered no persuasive argument that the trailer in this case, which abutted a warehouse but was not permanently attached to it, should be considered a "warehouse."

LaptopPlaza also contends that the trailer should be covered under Clause 6 of the endorsement, which states that, "[i]f . . . the Assured shall store or warehouse any goods at locations (excluding the Assured's premises) not listed in Clause 12, this insurance shall automatically apply for an amount not exceeding (**see schedule**)." App'x at 289. LaptopPlaza observes that Clause 12, mentioned in the quoted text, covers "[u]nnamed [l]ocations," App'x at 290, which, LaptopPlaza argues, includes the trailer if it is not understood to be a "warehouse."

LaptopPlaza's argument founders because Clause 6 covers "locations (*excluding the Assured's premises*)." App'x at 289 (emphasis added). Although the trailer was not part of LaptopPlaza's warehouse at 1801 NW 135th Avenue, which is named in the policy, it is undisputed that it was at LaptopPlaza's premises. The complaint stated that the trailers were "docked at the bay doors of the Subject Premises," App'x at 10, and noted that "the 53 foot temporary storage facility"—that is, the trailer—"was *stolen from the Subject Premises*," App'x at 13 (emphasis added). Moreover, Starr asserted in its statement of material facts below that a thief "stole a trailer . . . *parked at the premises* of Plaintiff LaptopPlaza, Inc.'s . . . warehouse facility." App'x at 988 (emphasis added). LaptopPlaza objected only to the use of the word "trailer," and thus did not dispute that the goods were "at" LaptopPlaza's "premises." App'x at

---

[2] We need not resolve the parties' dispute as to whether admiralty law or New York law governs the alleged breach of warranties. The parties agree that New York law covers every aspect of this case except the question of whether a breach of the policy's warranties must increase the risk of loss to void the insured's coverage under the policy. Because we need not reach that issue, there is no need to settle the choice-of-law dispute.

988-89. Because Clause 6 excludes goods stored or warehoused "at . . . the Assured's premises," it cannot cover the trailer.[3]

In addition, Clause 12, which lists the warehouses covered under the endorsement, and provides for coverage of "unnamed locations," nevertheless limits "unnamed locations" to warehouses. *See* App'x at 290 ("The warehouses to which these Assurers hereby extend approval and the limits of liability at each location are as follows . . . Unnamed Locations.").

Finally, LaptopPlaza contends that the language in Clause 6 preventing coverage for goods "at the Assured's premises" is merely intended to prevent the assured from double-counting the coverage limits for an item stored in a warehouse. LaptopPlaza argues that, absent the limitation, the assured could claim its warehouse *both* as a "warehouse" *and* as an "unnamed location," and recover under both provisions. LaptopPlaza contends that, in light of the Clause's purpose of preventing double recoveries for items in warehouses, it should not prevent a trailer outside a warehouse from being considered an "unnamed location."

This argument also fails. The language of Clause 6 separately says that it provides coverage only for "locations . . . not listed in Clause 12." App'x at 289. And LaptopPlaza's warehouses are listed in Clause 12. App'x at 290. Thus, the double-counting that LaptopPlaza says the "at the Assured's premises" language is meant to avoid is already prohibited: other language already states that coverage for unnamed locations extends only to places *other than* LaptopPlaza's warehouses. LaptopPlaza's reading would thus make the language "excluding the assured's own premises" mere surplusage. Moreover, it appears that the purpose of Clause 6 is not just to avoid the "double counting" problem, but also to prevent an assured from claiming coverage under the "warehousing" endorsement for items that it keeps on its own premises but not in warehouses. That is, of course, precisely what LaptopPlaza attempts to do in this case.

We have considered the remainder of LaptopPlaza's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] LaptopPlaza also appears to argue that, if the trailer was not part of the warehouse at 1801 NW 135th Avenue, then it should not be considered "at the premises." This argument assumes that the warehouse and "the premises" are identical. But the term "premises" is broader than "warehouse." The term "premises" includes a "building, *along with* its grounds." Black's Law Dictionary 1371 (10th ed. 2014) (emphasis added). Thus, it is reasonable to view the contract as covering goods in the warehouse, but barring coverage for a storage vessel "at the premises" but not in the warehouse.