Tutor Perini Corp. v New York City Dept. of Transp. (2022 NY Slip Op 03981)

Tutor Perini Corp. v New York City Dept. of Transp.

2022 NY Slip Op 03981

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Acosta, P.J., Kapnick, Friedman, Mendez, Higgitt, JJ. 

Index No. 654759/20 Appeal No. 16140 Case No. 2022-00132 

[*1]Tutor Perini Corporation, Plaintiff-Appellant,
v
New York City Department of Transportation et al., Defendants-Respondents.

Hinckley, Allen & Snyder LLP, Albany (James J. Barriere of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 22, 2021, which granted defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs.
Plaintiff is collaterally estopped from relitigating its contention that its claims sought damages for extra work and not for costs that were incurred because of delays in the work (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). Plaintiff made essentially the same argument in an earlier proceeding commenced under CPLR article 78, in which it argued that its claims were for extra work because the construction work differed from the bid. On appeal, we rejected that argument, finding a rational basis for the conclusion that plaintiff's claims were actually for delay damages, which are barred by the no-damages-for-delay clause in the construction contract (Matter of Tutor Perini Corp. v City of NY Off. of Admin. Trials & Hearings Contract Dispute Resolution Bd., 193 AD3d 665, 666 [1st Dept 2021], lv denied 38 NY3d 903 [2022]).
Supreme Court correctly dismissed the breach of contract claim as untimely, as the limitations period began to run from the date the certificate of substantial completion was issued (see Dart Mech. Corp. v City of New York, 121 AD3d 452, 452-453 [1st Dept 2014]). Furthermore, plaintiff has not shown that this case presents one of the unusual factual circumstances in which a government entity is estopped from asserting that a claim was not timely commenced (see West Midtown Mgt. Group, Inc. v State of NY, Dept of Health, Off. of the Medicaid Inspector Gen., 31 NY3d 533, 541-542 [2018]; compare Konner v New York City Tr. Auth., 143 AD3d 774, 776-777 [2d Dept 2016] [estoppel applied where government entity "wrongfully or negligently engaged in conduct that misled the plaintiff to justifiably believe that service of the notice of claim . . . was of no consequence, and lulled her into sleeping on her rights to her detriment"]).
Finally, Supreme Court correctly determined that dismissal of the unjust enrichment claim was required, as there was a valid and enforceable contract governing the parties' disputes (see Remora Capital S.A. v Dukan, 175 AD3d 1219, 1221 [1st Dept 2019]; Goldstein v CIBC World Markets Corp., 6 AD3d 295, 296 [1st Dept 2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022