Sayreville Seaport Assoc. Urban Renewal, L.P. v Indian Harbor Ins. Co. (2023 NY Slip Op 00505)

Sayreville Seaport Assoc. Urban Renewal, L.P. v Indian Harbor Ins. Co.

2023 NY Slip Op 00505

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Index No. 651626/21 Appeal No. 17222 Case No. 2022-02167 

[*1]Sayreville Seaport Associates Urban Renewal, L.P., Plaintiff-Appellant,
v
Indian Harbor Insurance Company, Defendant-Respondent.

Lowenstein Sandler LLP, New York (Michael D. Lichtenstein of counsel), for appellant.
Porzio, Bromberg & Newman, P.C., New York (Charles J. Stoia of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered April 13, 2022, which granted defendant's motion pursuant to CPLR 3211(a)(1), declared that defendant did not owe a coverage obligation under the insurance policy it had issued to plaintiff, and otherwise dismissed the complaint, unanimously affirmed, without costs.
According to the complaint, in 2008, plaintiff entered into a long-term ground lease to develop several parcels of property located in New Jersey. In 2007, plaintiff had retained nonparty Roux Associates, Inc. to perform environmental due diligence relating to the acquisition of the property, and Roux drew a map identifying the geographic boundaries of various areas believed to include radiological soil contamination. Defendant later issued a policy covering the property for the period between October 15, 2008 and October 15, 2018; the policy contained an endorsement, denominated endorsement 15, stating that the policy excluded remediation expenses for costs arising from radiological contamination in soil on particular areas of the property. Endorsement 15 identifies those parcels by reference to the Roux map. After the policy took effect, it was discovered that remediation was required in areas not previously identified as contaminated, and in September 2018, plaintiff submitted claims regarding the discovery of radiological soil contamination in four areas on the property. As relevant here, defendant denied the claims for three of the areas, stating that under endorsement 15, they fell within the excluded geographic region in the Roux map.
Based on the plain and ordinary meaning of the unambiguous policy terms, Supreme Court correctly concluded that endorsement 15 excluded coverage for the parcels at issue because they were located within the excluded geographic areas plainly designated on the Roux map (see 2619 Realty v Fidelity & Guar. Ins. Co. , 303 AD2d 299, 300 [1st Dept 2003], lv denied 100 NY2d 508 [2003]). Plaintiff cannot create an ambiguity in endorsement 15 by referring to its own nomenclature for the subareas that fall within those geographic areas and then claiming that the subareas do not fall within the scope of the exclusion (see Atlantic Mut. Ins. Co. v Terk Tech. Corp. , 309 AD2d 22, 28 [1st Dept 2003]). To adopt plaintiff's interpretation of endorsement 15 and the Roux
map would render the endorsement meaningless, contrary to the rules of contract interpretation (see County of Columbia v Continental Ins. Co. , 83 NY2d 618, 628 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023