Gibraltar Contr., Inc. v Tully Constr. Co. Inc. (2025 NY Slip Op 00043)

Gibraltar Contr., Inc. v Tully Constr. Co. Inc.

2025 NY Slip Op 00043

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 653712/23 Appeal No. 3421 Case No. 2024-01284 

[*1]Gibraltar Contracting, Inc., Plaintiff-Respondent,
v
Tully Construction Co. Inc., Defendant-Appellant.

The DeIorio Law Group, PLLC, Rye Brook (Donna Marie Mazza of counsel), for appellant.
Law Office of John J. Janiec, New York (John J. Janiec of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered February 2, 2024, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
While the six-month limitations period provided in the parties' subcontract to assert contract-based claims in a construction contract was not unreasonably short (see Dart Mech. Corp. v City of New York, 121 AD3d 452 [1st Dept 2014]), the triggering language to commence the limitations period running, namely, "final acceptance of the work by Owner," was not established. The document relied upon, namely, a Certificate of Final Completion, when plainly read, stated it was a "recommendation" for the project owner to accept the work of plaintiff subcontractor as completed. As such, the shortened limitations period in the subcontract was not triggered and plaintiff's contract-based claims were timely interposed.
Defendant contractor argues that the subcontract's no oral modification clause along with submitted documents in the form of November 2016 amendments to the subcontract, and a provision in the subcontract that governed "additional work" and additional costs incurred as a consequence of accelerated work conclusively refute plaintiff's claims of oral agreements with defendant to pay for specified additional work it had requested, as well as overtime costs due to accelerated work and its alleged responsibilities on a guaranty to cover plaintiff's union workers' fringe benefits. This argument is unavailing.
"[W]hile generally an oral modification may not be enforced in light of a merger clause, an oral modification may be enforced if there is partial performance that is unequivocally referable to the oral modification or if one party induced another's significant and substantial reliance upon an oral modification" (Rubin v Napoli Bern Ripka Shkolnik, LLP, 179 AD3d 495, 497 [1st Dept 2020] [internal quotation marks omitted]). Here, on this record, which includes plaintiff's allegations that must be accepted as true on this pre-answer motion to dismiss, all plaintiff's alleged additional work, overtime and costs associated with its union's fringe benefits were unequivocally referable to the alleged oral modifications and/or agreements. It can be reasonably inferred from the allegations that defendant induced plaintiff's significant and substantial reliance upon the alleged oral modifications and/or related agreements.
To the extent defendant also moves to dismiss plaintiff's four causes of action pursuant to CPLR 3211(a)(7), the allegations in each cause of action sufficiently allege breach of an agreement to perform specific work and/or to fulfill specified agreed-upon obligations. It was alleged that defendant breached the agreements by failing to perform its end of the bargain; that plaintiff demanded defendant's performance and/or payment for the subcontract work it performed; that defendant did not respond to the demand; and that plaintiff was damaged thereby (see [*2]Noto v Planck, LLC, 228 AD3d 516 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025