## Johnson-Lancaster & Assoc., Inc. v Veritas Constr. Servs., Inc.

2025 NY Slip Op 31909(U)

May 30, 2025

Supreme Court, New York County

Docket Number: Index No. 452071/2024

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. KATHLEEN WATERMAN-MARSHALL</u>    PART          **31**

*Justice*

-------------------------------------------------------------------------------X

JOHNSON-LANCASTER AND ASSOCIATES, INC.

                    Plaintiff,

                - v -

VERITAS CONSTRUCTION SERVICES, INC.,

                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452071/2024 |
| MOTION DATE | 02/26/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 34, 35, 36, 37

were read on this motion to/for                       DISMISS               .

      Upon the foregoing documents, defendant moves to dismiss the complaint in its entirety as beyond the contracted statute of limitations pursuant to CPLR § 3211(a)(1)(5) and (7). Plaintiff opposes. For the reasons set forth below, the motion to dismiss is granted.

      This matter was administratively reassigned to Part 31 and thereafter referred to presumptive mediation. On May 2, 2025, the presumptive mediation part filed its conference report advising that a mediation conference was held, and the matter was not in the mediation part. This decision and order results.

## Background

      Plaintiff Johnson-Lancaster and Associates ("JLA") was a subcontractor for defendant Veritas Construction Services ("Veritas"). Pursuant to the subcontract agreement between the parties, JLA provided labor and materials for kitchen and cafeteria renovations in a Greenwood Lake elementary school. Before the project was completed, the relationship between the parties apparently broke down. Veritas contends that JLA caused certain construction delays, which led to Veritas ending their relationship following a payment on December 13, 2022. JLA contends that the December 13, 2022 payment was not the final payment, and that it is still owed for the work it completed.

      Veritas moves to dismiss the action, contending that it is untimely pursuant to the parties' contract. There is no dispute that under the subcontract the parties agreed to shorten the statute of limitations for disputes arising out of the agreement to one-year following the "final payment." Veritas argues that it tendered the last payment to JLA on December 13, 2023, and JLA filed the instant complaint one year and five months after this final payment. Thus, Veritas contends the instant action is untimely. Veritas also contends that plaintiff's non-contract claims (unjust enrichment, quantum meruit, breach of the implied covenant of good faith and fair dealing, book account, reasonable value of services provided, promise to pay, and prompt payment act) are

**452071/2024 JOHNSON-LANCASTER AND ASSOCIATES, INC. vs. VERITAS CONSTRUCTION SERVICES, INC.**
**Motion No. 001**

**Page 1 of 4**

1 of 4

[* 1]

duplicative of the contract claim and an attempt to circumvent the parties' shortened limitations period; thus, Veritas seeks dismissal of the entire action.

JLA opposes dismissal contending that the limitations period was not triggered. JLA does not dispute that the parties' agreement contains a one-year limitations period. However, JLA argues that "last payment" in the parties' agreement means the final payment upon completion of the project, and because a final payment was not issued, and the project is not completed as of the date of this motion, the limitations period has yet to accrue.

**Discussion**

As with all motions to dismiss under CPLR § 3211, the complaint should be liberally construed, the facts presumed to be true, and the pleading accorded the benefit of every possible favorable inference (*see e.g. Leon v Martinez*, 84 NY2d 83 [1994]).

Under CPLR § 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*id*.; citing *Heaney v Purdy*, 29 NY2d 157 [1971]).

CPLR § 3211(a)(5), provides for dismissal of one or more causes of actions under the doctrine of collateral estoppel. The doctrine precludes a party from re-litigating, in subsequent actions, those issues which have been raised in a prior proceeding and decided against said party and has been characterized as "a narrower species of res judicata" (*Ryan v New York Telephone Co.*, 62 NY2d 494, 500 [1984]).

On a motion to dismiss under § 3211(a)(7), the motion must be denied if, from the four corners of the pleadings, "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001] [internal quotation omitted]). A complaint should not be dismissed so long as, "when the plaintiff's allegations are given the benefit of every possible inference, a cause of action exists," and a plaintiff may cure potential deficiencies in its pleading through affidavits and other evidence (*R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 318 [1st Dept 1989]). However, bare legal conclusions and factual allegations which are inherently incredible or contradicted by documentary evidence are not presumed to be true (*Mark Hampton, Inc. v Bergreen*, 173 AD2d 220 [1st Dept 1991]).

As an initial matter, there is no basis for dismissal under CPLR § 3211(a)(5), as the issues raised herein have not been raised in a prior proceeding or determined against plaintiff. Consequently, the Court considers the motion to dismiss under CPLR § 3211(a)(1) and (7).

Parties are free to agree to a shorter time period to commence an action than the period provided by the statute of limitations, provided that it is done so in writing, the limitations period is reasonable, and the provision is not so vague as to be unenforceable (*Tamm Consulting v Cincinnati Ins. Co.*, 236 AD3d 533 [1st Dept 2025]; *Executive Plaza, LLC v Peerless Ins. Co.*, 22 NY3d 511 [2014]; *John J. Kassner & Co. Inc v City of New York*, 46 NY2d 544, 551 [1979]). When these conditions are met, absent proof of overreaching or fraud, the shortened period to

452071/2024   JOHNSON-LANCASTER AND ASSOCIATES, INC. vs. VERITAS CONSTRUCTION SERVICES, INC.
Motion No. 001

Page 2 of 4

2 of 4

bring a claim will be enforced (*id.*; *Matter of Incorporated Vil. of Saltaire v Zagata*, 280 AD2d 547 [2d Dept 2001]).

There is no dispute that Article 37 of the parties' subcontract agreement shortens the period to commence an action arising out of the parties' agreement. That section of the agreement provides:

> No action shall be brought against the General Contractor for any reason, unless commenced within one (1) year after receipt by the Subcontractor of the last Payment from the General Contractor.

Nor is there any dispute that a one-year period to bring an action for a construction contract is reasonable (*Dart Mech. Corp. v. City of New York*, 121 AD3d 452 [1st Dept 2014] [six-month limitations clause in construction contract enforceable]). The dispute on this motion to dismiss is limited to the meaning of the term "last payment," and whether the December 16, 2022 payment constitutes the "last payment". If the December 16, 2022 payment is the "last payment," then the action will be untimely.

In interpreting a contract, the Court cannot rewrite the contractual terms (*see e.g. Maxine Co., Inc., v Brinks Global Services USA, Inc.*, 94 AD3d 53 [1st Dept 2012]). Unambiguous contractual terms are afforded their plain and ordinary meaning (*see e.g. Gilbane Bldg Co./TDX Constr. Corp. v St. Paul Fire and Marine Ins. Co.*, 143 AD3d 146, 151 [1st Dept 2016]). The ordinary meaning of contractual terms is found in dictionaries (*2619 Realty, LLC v Fidelity and Guaranty Ins. Co.*, 303 AD2d 299, 301 [1st Dept 2003]).

Merriam-Webster defines the adjective "last" as "following all the rest" (Meriam-Webster Dictionary, [Note: Online Version] Updated May 15, 2025). Thus, the ordinary meaning of "last payment" is the payment which followed all the rest. The December 16, 2022 payment was the payment which followed all the rest, and is therefore the "last payment." Consequently, pursuant to the parties' agreement, JLA was required to bring the instant breach of contract action within one year of the December 16, 2022 payment; this breach action was filed one year and five months after the December 16, 2022 payment and is therefore untimely.

Assuming, *arguendo*, that the Court were to find "last payment" an ambiguous contractual term, the interpretation suggested by JLA is unsupportable. "To be found ambiguous, a contract must be susceptible of more than one commercially reasonable interpretation" (*Perella Weinberg Partners LLC v Kramer*, 153 AD3d 443, 446 [1st Dept 2017]). When a contractual term is susceptible to multiple interpretations, some of which are impermissible as a matter of law, the term will not be interpreted to violate the law (*Bloomfield v Bloomfield*, 97 NY2d 188 [2001]). JLA urges that "last payment" be interpreted as "final payment," meaning the payment due upon completion of the project as a whole. However, such interpretation is not commercially reasonable for the simple fact that Veritas may not make the "final payment" due under the contract (as is the case here) and/or the project may not be completed by JLA. In other words, JLA's interpretation of "last payment" would, effectively, extend the statute of limitations for breach due to non-payment well past the shortened one-year statute of limitations to which the parties agreed.

452071/2024   JOHNSON-LANCASTER AND ASSOCIATES, INC. vs. VERITAS CONSTRUCTION SERVICES, INC.
Motion No.  001

Page 3 of 4

3 of 4

Plaintiff's remaining claims (unjust enrichment, quantum meruit, breach of the implied covenant of good faith and fair dealing, book account, reasonable value of services provided, promise to pay, and prompt payment act) are all duplicative of the breach of contract. These claims arise out the same conduct as the breach of contract claim, and seek the same relief (*see generally, Dormitory Auth. of the State of N.Y. v Samson Constr. Co.*, 30 NY3d 704 [2018] [damages within contemplation of the parties' contract rendered tort claims duplicative of breach of contract]). An unjust enrichment claim applies in the absence of a contract, in "unusual situations when, though the defendant has not breached a contract… circumstances create an equitable obligation," it is "not a catchall cause of action to be used when others fail" (*Corsello v Verizon New York, Inc.*, 18 NY3d 777 [2012]). Equitable claims are not available to enforce legal rights which are otherwise barred by the state of limitations (*MRI Broadway Rental, Inc. v U.S. Min. Products Co.*, 242 AD2d 440, 444 [1st Dept 1997]). All of plaintiff's claims arise of the contract between the parties. At bottom, plaintiff alleges that defendant failed to pay plaintiff for its construction services, pursuant to the parties' subcontract agreement. Although creatively pled, plaintiff cannot avoid the contractually shortened statute of limitations by pleading otherwise untimely contract claims as equitable or quasi-contract claims, even in the alternative.

Accordingly, it is

**ORDERED** that Veritas Construction Services' motion to dismiss the complaint is granted.

**5/30/2025**
**DATE**

**KATHLEEN WATERMAN-MARSHALL,**
**J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

452071/2024   **JOHNSON-LANCASTER AND ASSOCIATES, INC. vs. VERITAS CONSTRUCTION SERVICES, INC.**
Motion No.  001

Page 4 of 4